JOHN S. ABBOTT versus WILLIAM B. JOY.

The indorsee and holder of a negotiable note against a fraudulent debtor has *prima facie* evidence of a just claim against the debtor, and unless the indorsement is shown to have been conditional, and the condition to have terminated, he may maintain an action against a third person who has knowingly aided the debtor in transferring his property to prevent its being attached, under the provisions of R. S., 1841, c. 148, § 49.

On the trial of such an action, proof of fraudulent acts and declarations of the debtor before and after the sale, though in the absence of the defendant, are admissible to contradict evidence previously introduced by the opposing party.

THIS was an action on the case against the defendant for aiding his son, Samuel T. Joy, in fraudulently transferring certain property to prevent its being attached by the plaintiff as a creditor of the latter.

W. R. Smith sold his stock of goods in Brunswick, Dec. 18, 1855, to Samuel T. Joy, for $846,20, and took his negotiable promissory note therefor, payable on demand; which note, May 5, 1856, was negotiated and indorsed to the plaintiff, and Joy duly notified thereof, May 7, 1856. S. T. Joy sold the goods to the defendant, June 20, 1856, receiving in payment three promissory notes of the defendant for about $750.

There was evidence tending to show that Smith indorsed the note to the plaintiff to secure him for his liability as bail for Smith. Smith and the plaintiff both testified that the transfer of the note was absolute. It was proved that S. T. Joy had an account of $100, against Smith, before the note was transferred.

The defendant requested the Judge to instruct the jury, that if the note was indorsed to the plaintiff to secure his liability for Smith, and the condition of the bail bond had not been broken, the plaintiff had not such a debt against S. T. Joy as to entitle him to recover in this action. This the Judge refused, but instructed the jury, that if the transfer of the note was absolute, as appeared by the indorsement as

well as by evidence, the note having been over due when indorsed, the amount due on the note, after deducting any payment made by S. T. Joy, or off-set he had against it, would be the just claim of the plaintiff against Joy.

The plaintiff introduced evidence tending to show that the sale by S. T. Joy to the defendant, was made by both parties expressly to prevent the plaintiff from attaching the goods. The defendant introduced evidence tending to show the contrary.

There was various conflicting testimony as to the conduct and declarations of S. T. Joy, about the time of the sale to the defendant, particularly as to his offering for sale, as his own, $40 worth of leather in the attic, after his sale to the defendant.

The Judge instructed the jury, that the defendant's rights should not be prejudiced by the words or acts of S. T. Joy before or after the sale, unless it was first proved that the sale was fraudulent, and that the defendant knowingly participated in the fraud; but that, should they be satisfied beyond a reasonable doubt of his intentional participation in a fraudulent transfer, the declarations and conduct of either party concerning the goods would be competent evidence for their consideration.

The plaintiff introduced a copy of a writ, *Abbott* v. *Samuel T. Joy*, being an action on the note of Joy to Smith, indorsed to the plaintiff; also entries on the clerk's docket, from which it appeared that the action was entered, defaulted, and continued for judgment, September term, 1856.

The verdict was for the plaintiff, for $746,20. The defendant excepted to the ruling and instructions of the Judge, HATHAWAY, J., presiding.

*J. H. Webster*, in support of the exceptions.

The first instruction requested should have been given. The plaintiff, as bail for Smith, had no such demand against S. T. Joy as to entitle him to recover against the defendant. Penal statutes are to be construed strictly. *Thacher* v. *Jones*,

31 Maine, 528; *Pullen* v. *Hutchinson*, 25 Maine, 249; *Craig* v. *Webber*, 36 Maine, 504; *Wellington* v. *Small*, 3 Cush., 145.

The plaintiff having suffered no injury when he commenced the action, it cannot be maintained. *Morgan* v. *Bliss*, 2 Mass., 111; *Fuller* v. *Hodgdon*, 25 Maine, 243.

The admission of evidence of S. T. Joy's acts after the sale to the defendant, was erroneous. *Bridge* v. *Eggleston*, 14 Mass., 245; *Bartlett* v. *Delprat*, 4 Mass., 702; *Clark* v. *White*, 12 Mass., 439. S. T. Joy's offer to sell leather, after the sale to the defendant, had no tendency to show that the sale to the defendant was fraudulent, and should have been excluded.

*Abbott, pro se.*

The transfer of the note was absolute and unconditional, made in writing, and the note delivered. The consideration is wholly immaterial, all payments and claims in set-off by S. T. Joy having been allowed.

The instructions of the Judge as to the transfer were correct. The transfer being in writing and absolute, could not be modified by any oral testimony. S. T. Joy's having been defaulted in a suit on the note, is conclusive as to his indebtedness, collusion not being suggested. But if otherwise, the instructions were not erroneous. It is not pretended that the liability of the plaintiff on the bail bond had ceased. His liability continuing, the title to the note was valid as between him and all other persons than Smith.

The instructions, as to the evidence touching the declarations and conduct of S. T. Joy, were sufficiently favorable to the defendant. The evidence objected to was admissible to contradict that of S. T Joy.

The opinion of the Court was drawn up by

CUTTING, J.—This is an action on the case, instituted on August 7, 1856, under the provisions of R. S., c. 148, § 49, by an alleged creditor, against the defendant for knowingly aiding or assisting a debtor in the fraudulent transfer of his property.

In *Thacher* v. *Jones*, 31 Maine, 528, it was held that, in such an action, the plaintiff must show that he was a creditor at the time of the fraudulent transfer, and has continued to be such up to the time of trial.

The plaintiff, aware of this rule, has endeavored to bring himself within it. · He shows a sale of a stock of goods, by one *Smith* to *Samuel T. Joy*, a son of the defendant, for which the son gave his negotiable note for eight hundred and forty-six dollars and twenty cents, payable to Smith on demand, with interest, dated Dec. 18, 1855. He also produces this note indorsed to himself, on May 5, 1856. He further shows a transfer of the stock of goods from the son to his father, the defendant, on June 20, 1856, which he alleges was fraudulent, and intended to prevent an attachment of the goods by the plaintiff.

The production of the note, thus indorsed, was sufficient, *prima facie*, to prove the plaintiff to have been a creditor at the time of the sale from the son to the father; but it was not conclusive. The relationship existing between creditor and debtor was a material allegation, and one which the defendant might well traverse. He might have introduced any evidence which the debtor could have done in defence, in an action on the note. Had the plaintiff recovered judgment in his suit on the note against the son, the latter, being a party of record, would have been estopped to deny its validity, and the defendant also, collaterally, except for covin or collusion between the parties. *Adams* v. *Balch*, 5 Maine, 188. But where no judgment has been rendered on a default, the rule is otherwise. And this case discloses that—" There was evidence introduced tending to show that *Smith* indorsed the note to the plaintiff to secure him against his liability as bail for *Smith*. Smith and the plaintiff both testified that the transfer of the note to the plaintiff was absolute." Whereupon, the defendant requested the Judge to instruct the jury, " that if, at the time of the sale of the goods from *Samuel T. Joy* to the defendant, the plaintiff held the note declared upon only to secure him for his liability as bail for *Smith*, and · the condition of the bail bond had not been broken, he had

not such a just debt against *Samuel T. Joy* as to entitle him
to recover in this action." The Judge refused to give such
instruction, and rightfully; for neither the evidence, nor the
requested instruction, negatived the plaintiff's *continuing* lia-
bility on the bail bond. Had they been otherwise, a very
different question would have been presented. And we are
not prepared to say, if the liability had terminated, and the
plaintiff had been saved harmless, that he, as the mere trus-
tee of Smith, and to whom he would be accountable for the
note, could be considered the holder of such "just debt or
demand" as would enable him to maintain this action. If the
continuing liability had been questioned, and any evidence
touching that fact had been presented to the jury, then the
Judge's subsequent remarks to the jury would have encroach-
ed upon their province, because he decided as a matter of fact
that the indorsement was absolute, when, upon that point, the
testimony was conflicting. But, as the case is presented to
us, that instruction becomes immaterial, for, whether the note
was indorsed absolutely or conditionally, until the condition
had terminated, which was for the defendant to show, that
*prima facie* evidence as to ownership, arising from the pro-
duction of the note at the trial, by the plaintiff, and indorsed,
has not been overcome.

Exceptions were also taken to the admission of certain tes-
timony. "But no reason was given for the objection, at the
trial, and none is stated in the exceptions." *Emery* v. *Vinal*,
26 Maine, 295; *Kimball* v. *Irish*, Ib., 444; *Glidden* v. *Dun-
lap*, 28 Maine, 379. And, besides, the evidence thus admit-
ted was admissible for the purpose of contradicting that pre-
viously introduced by the excepting party. The instructions
of the Judge to the jury upon this evidence were sufficiently
guarded to render it ineffectual to produce any influence un-
favorable to the defendant upon the question at issue.

*Exceptions overruled, and*
*Judgment on the verdict.*

Tenney, C. J., and Rice, Appleton, May, and Goodenow,
JJ., concurred.