MELBOURNE F. MIDDLETON, PLAINTIFF IN ERROR, v. RICHARD GRIFFITH, DEFENDANT IN ERROR.

1. A delivery of a promissory note is necessary to its transfer by endorsement.

2. The fact that an endorsement in blank is made by the payee on a. promissory note is not evidence that he has transferred the note or that he is not the owner of it, if the note still remains in his possession and is produced by him.

3. The fact that the endorsement of the payee is left uncanceled on a promissory note will not, *ipso facto*, prevent his recovery, but from his possession and production of the note it will be presumed that the note was not delivered under the endorsement, or that if it was so delivered that it was taken up by him.

4. If a person who endorses a bill or note to another, whether for value or for the purpose of collection, comes again to the possession thereof, he is to be regarded, unless the contrary appears, as the *bona fide* holder and owner of such bill or note, and is entitled to recover thereon without producing any receipt or endorsement back to him, and he may strike the subsequent endorsements and his own from the bill or note, or not, as he may think proper.

5. Whilst parol evidence is admissible in a suit by the payee to recover of the maker, to establish between them a contemporaneous agreement as to the mode and manner of the payment of the bill or note, which, if executed, will be in satisfaction and payment, yet the offer by the maker of such an agreement, when it is made in the form of an offer to prove such an agreement, must be full and specific, and it should so state the facts that it will not be doubtful what is intended to be proved, and the object and purpose for which the proof is intended, so that if objection be made the court may ascertain if the evidence proposed be material and relevant, and act understandingly in relation to its admission.

On error to the Supreme Court.

For the plaintiff in error, *John J. Crandall* and *Timothy J. Middleton.*

For the defendant in error, *C. V. D. Joline.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This is an action on a promissory note given by the defendant below, who is here the plaintiff in

error, to the plaintiff below, the defendant in error in this court, for the sum of $375, dated April 22d, 1889, payable in three months from the date. The note was first endorsed by Richard Griffith, the plaintiff; then by "The Provident Life and Trust Company of Philadelphia, May 9th, 1889;" then "for collection, remittance to Central National Bank, Philadelphia, Pa., Theo. Kitchen, cashier." At the time of trial the last two endorsements were erased. The plea was general issue, and a specification of defences under the general issue was demanded and served.

In 1889 the defendant secured a policy of life insurance in the Provident Life and Trust Company of Philadelphia, on his own life, for $10,000. The yearly premium was $522. A note was given for this premium, and when it became due part was paid and a new note given. When this second note became due another part was paid and the note in suit was given. This last note was for $375, payable to Griffith, who appears to have been the agent through whom the insurance had been obtained. The other notes had also been given to him. The policy of insurance is still in the possession of the defendant and retained by him.

On the trial below a verdict was directed in favor of the plaintiff against the defendant for the sum of $485, being the amount of the note with interest thereon from the maturity thereof.

At the trial the note was proved and offered in evidence with the last two endorsements erased. The name of the plaintiff as first endorser was not erased. The defendant objected to the admission of the note with the name of the plaintiff endorsed thereon, and now claims, in his first assignment of error, that it should not have been admitted in evidence for the reason that the plaintiff, by legal import, was not the owner of the note and had no right of action thereon.

It will be noticed that the endorsements subsequent to that of the payee had been erased; the promissory note was produced by the plaintiff, and he, during the progress of the cause, testified that he was the owner of the note. Now, it

may be observed that to the formal admission of this paper in evidence there could be no objection. The contention made by this assignment of error is that there could be no recovery, because the endorsement of the plaintiff was not erased from the note, because the endorsement in law imported a contract which conclusively demonstrated that the note was owned by some one else who had the right of action on the note.

This contention does not appear to be founded upon either reason or authority. There is no reason why evidence is not admissible to show that one who has a promissory note in his possession and produces it, is the holder of it and to trace his title to it. Such evidence is held to be competent by numerous adjudicated cases, and it is not evidence which varies the contract implied in the law between the endorser and endorsee. 2 *Dan. Neg. Inst.* (4th ed.), §§ 1181 a, 1198. The endorsement of a promissory note by the payee is an order upon the maker of the note to pay the endorsee (*Heylyn* v. *Adamson*, 2 *Burr.* 669, 676 ; *Garretsie* v. *Van Ness, Penn.* 21, 25) ; and the endorser becomes liable upon the custom of merchants, or commercial law, and not upon any implied covenant or promise contained in the endorsement distinct from that raised by such custom. The right of the endorsee to recur back to the payee or other endorser, in case of failure of the maker to pay on demand and notice, is purely of mercantile origin. *Garretsie* v. *Van Ness, supra.* A promissory note only takes effect from delivery. *Powell* v. *Waters*, 8 *Cow.* 670. So a note may be endorsed by the payee, yet if not delivered to some one as endorsee or holder, the title remains in the payee who still is its holder, and no contract whatever from such endorsement is created or implied unless there be a delivery of the note. *Fine* v. *High Bridge M. E. Church*, 15 *Vroom* 148 ; *Denton* v. *Peters, L. R.* 5 *Q. B.* 475 ; *Muller* v. *Pondir*, 55 *N. Y.* 325. If the note is still in the payee's possession, his blank endorsement is no evidence of a transfer by him. *William* v. *Smith*, 21 *Mo.* 419 ; *Beeson* v. *Lippman*, 52 *Ala.* 276 ; *Best* v. *Nokomis Bank*, 76 *Ill.* 608. And if it has

been transferred by him by blank endorsement, upon regain-
ing possession in a *bona fide* manner of the note he may
strike out all subsequent endorsements and his own also and
sue upon it.   The payee's possession of a bill or note is *prima
facie* evidence of title in him, whether his own endorsement
be erased or not.   He need not show, in order to maintain
his action, any retransfer of the instrument to himself, and
he can at the trial strike out his own or any subsequent blank
endorsements.   He can strike out his own endorsement at the
trial, or at bar, on a motion for a new trial.   The general
rule of law is, and I think without an exceptional ruling to
the contrary so far as I can discover, that the holder of a bill
or note is, *prima facie*, its owner, and that a delivery of a
note is necessary to its transfer either by endorsement or
otherwise, and that the fact that his blank endorsement is
thereon, standing alone, is no evidence that he has transferred
the note, or that he is not the owner of it, or that anyone else
is the owner of it.   This rule is entirely applicable to all
blank endorsements or endorsements for collection, the only
character of endorsements which were upon the note in ques-
tion.   2 *Rand. Com. Pap.*, § 717, and cases cited; 2 *Dan.
Neg. Inst.*, §§ 1181 *a*, 1198, 1200, and cases cited.

The holder's own blank endorsement, left uncanceled on
the note, will not, in general, prevent his recovery, but,
from his possession, it will be presumed that the paper was
not delivered under the endorsement, or that, if it was so
delivered, it was afterwards taken up by him.   3 *Rand. Com.
Pap.*, §§ 1645, 1646, and cases cited; *Locke* v. *Leonard Silk
Co.*, 37 *Mich.* 479; *Reading* v. *Beardsley*, 41 *Id.* 123.

The practice in this state, universally established, has been
for the holder, being either payee or other endorser, to strike
out all subsequent blank endorsements, or endorsements for
collection, and then sue upon the note.   I do not think the
practice has been universal to strike out his own endorsement.
I think it has generally been done, but in many cases, if not
quite generally, not until the time of trial.   There is no
reason manifest why his own blank endorsement should be

stricken out. Every subsequent endorsement being stricken out, and the note being in his possession and produced at the trial, it would seem as if no reason could exist for the mere mechanical act of striking out his own name; and, of course, the note having matured, there could exist no holder after that who, in the face of the judgment thereon, could maintain a recovery upon the note. There is no reason for a contrary rule, and I think it is established by authority that the fact that the blank endorsement of a holder of a promissory note, still remaining thereon, does not impair his title to it or defeat his action to recover the amount due. 2 *Rand. Com. Pap.,* § 717; 3 *Id.,* §§ 1645, 1646; 1 *Dan. Neg. Inst.,* § 694; 2 *Id.,* § 1196; *Abbott* v. *Joy,* 47 *Me.* 177; *Dollfus* v. *Frosch,* 1 *Den.* 367; *Chaffee* v. *Taylor,* 3 *Allen* 598; *Royce* v. *Nye,* 52 *Vt.* 372; *Evans* v. *Gordon,* 8 *Port.* 142; *Humphreyville* v. *Culver,* 73 *Ill.* 485; *Block* v. *Strictland,* 3 *Ont.* 217; *Callow* v. *Lawrence,* 3 *Mau. & Sel.* 95; *Dugan* v. *United States,* 3 *Wheat.* 172; 2 *Am. & Eng. Encycl. L.* 383.

There is an entire want of reference to authorities, upon this assignment of error, in the briefs of counsel, but the case of *Bright* v. *Hand,* 1 *Harr.* 273, has suggested itself as indicating that an endorser, as payee, could not maintain an action unless the note had been reassigned to him. The case as an authority is entirely unavailable. It can be concluded from the case that the note was, at the time the suit was brought, in the hands of a third party. The case is very meagerly reported as to facts, and cannot, in any sense, be applicable to establish a principle so much at variance with the nature and qualities of commercial paper transferable by endorsement, delivery by the holder, or by delivery only, as where the paper is taken up by the payee or some prior endorser, of some subsequent holder.

In the case of *Dugan et al., Executors of Clark,* v. *United States,* 3 *Wheat.* 172, it was held that "if a person who endorses a bill to another, whether for value or for the purpose of collection, comes again to the possession thereof, he is to be regarded, unless the contrary appears in evidence, as the

*bona fide* holder and owner of such bill, and is entitled to recover thereon, notwithstanding there may be on it one or more endorsements in full, without producing any receipt or endorsement back to him, from either such endorsees, whose names he may strike from the bill or not, as he thinks proper."

The first assignment of error is, therefore, not sustained.

The second and only other assignment of error is that the trial judge refused to admit the evidence of a certain agreement between the maker and payee of the note.

This alleged agreement was in the shape of an offer of evidence and overruled by the trial justice.

The note in question was given for a premium on a policy of life insurance upon the life of the maker of the note. The policy was delivered by the payee to the maker of the note, and had ever since been retained by him and not delivered or surrendered up to the company or to the payee of the note. This fully appeared in the evidence of the plaintiff.

The offer, on the part of the defendant, was made to show " that it was agreed between the defendant, the maker of the note, and the plaintiff as payee, at the time of the making of the note, that the defendant, the insured, should have the option, to be exercised at any time during his life, or the continuance of the policy, of paying a reduced rate of insurance called a ' carrying rate,' by surrendering the policy to the payee of the note, and that upon the defendant exercising such option, which he did under the agreement, there would, upon an accounting rendered of payments already made, remain nothing due on said note, inasmuch as more money has been paid by the defendant to the plaintiff personally than would meet the conditions of $175 per year, which was then agreed to be the carrying rate aforesaid."

Parol testimony is admissible to establish between the parties a contemporaneous agreement, as to the mode of payment which has been executed in satisfaction of a promissory note. Such an executed agreement then becomes payment of

the note.   And such an agreement does not alter or vary the contract.

The general rule applicable to promissory notes is that evidence is not admissible to vary the contract between the parties, and this is true whether the evidence be of a contemporaneous agreement or of any other character.   The only rule under which the evidence of a contemporaneous agreement is admissible is, that it must be such an agreement that when executed it works a performance or satisfaction of the contract and extinguishes its obligation.

There is no fraud charged, and parol evidence was not admissible tending to vary the import of this note.   It cannot be converted by parol evidence from an absolute into a conditional contract.   *Meyer* v. *Beardsley,* 1 *Vroom* 236 ; *Chaddock* v. *Van Ness,* 6 *Id.* 517 ; *Wright* v. *Remington,* 12 *Id.* 48.   Evidence of a parol contemporaneous agreement that the note should not be paid, in whole or in part, is not admissible. *Remington* v. *Wright,* in the Court of Errors and Appeals,. 14 *Id.* 451 ; *Johnson* v. *Ramsay, Id.* 279 ; *Anthony* v. *Fritz,* 16 *Id.* 1 ; *Hendrickson* v. *Hutchinson,* 5 *Dutcher* 18 ;. *Whart. Ev.,* § 1058 ; *Byles Bills,* ¶ 500 ; *Stiles* v. *Vanderwater,* 19 *Vroom* 67 ; *Buchanan* v. *Adams,* 20 *Id.* 636.   These cases all illustrate this rule of law, and therefore a contemporaneous agreement which varies or alters the terms and import of a promissory note, by adjudication in this court, is inadmissible and cannot defeat a recovery.

But evidence is admissible to show a want or failure of consideration, illegality of the transaction on which the note is based, or fraud and mistake.

It was also held in Chaddock *v.* Van Ness, in this court,. that parol evidence of a contemporaneous agreement between the parties as to the mode of payment, which has been executed in satisfaction of the debt, is admissible in an action by the payee against the maker.

In *Buchanan* v. *Adams,* 20 *Vroom* 636, in this court, the testimony objected to was to the effect that contemporaneously with the giving of the note it was agreed with the defendant

that lumber would be taken in payment of it, and that the note would not be negotiated. This testimony, supplemented by proof that such agreement was executed, on the part of the defendant, by the delivery of lumber to pay the note, was admitted for the purpose of showing that the lumber was, in fact, received by the payee, the plaintiff, in payment of the note, and not for the purpose of varying the terms of the written contract to pay.

The principle upon which such evidence is admissible in an action by the payee is that it goes to establish the fact of payment or satisfaction. *Oliver* v. *Phelps*, 1 *Zab.* 597, 603.

If this offer of evidence in this case was to establish a contemporaneous agreement as to its mode or manner of payment between the plaintiff and defendant, and which had been executed in satisfaction of the note or the debt secured thereby, then it was admissible to defeat the action, but in order to be admissible the offer must tend to show this result.

The offer must be adjudged by its terms, and it is clear that the agreement, if one was made at the time, had never been executed. The agreement remained of an executory character at the time the action was commenced. The policy of life insurance had not been surrendered to the payee; all of the terms of the agreement remained unexecuted. No attempt or offer was made to show that the note was without consideration or that its consideration had failed. The offer was to show satisfaction by a contemporaneous agreement, and in no sense did the offer include such a result. The note had remained in the hands of the payee or his endorsees, and the policy of life insurance was retained by the maker. The position of the parties remained precisely as at the execution of the instrument, and the offer of evidence to defeat the action was not of any fact tending to show any want or failure of consideration of the note sued on, nor any illegality of the transaction upon which the note was founded, nor of fraud or mistake in its inception.

The offer was intended to show an executed agreement which worked a satisfaction or payment of the note, but the

offer was entirely devoid of any fact tending to establish that result.   The terms of the agreement were not set out in the offer with any degree of certainty whatever.   In the offer the term " carrying rate " is used, but there was no offer to show the facts upon which the court could determine the meaning of the term.   The note had admittedly been given for the premium to be paid on a policy of life insurance which, according to the terms of the agreement, so far as they were revealed in the offer, was to have been surrendered to the plaintiff, but the offer itself and the evidence in the case show that it had not been surrendered to the plaintiff, nor had the note been demanded as satisfied.   The policy was still retained by the defendant, and no attempt had been made to surrender it to the plaintiff in satisfaction and payment of the note or for any other purpose.   The note itself was founded upon a good consideration, and the contemporaneous agreement must have been of such a character as satisfied the obligation of the note, and that, in order to work the payment or satisfaction and defeat recovery thereof, it must have been executed.   A mere agreement that a note founded on a good and valuable consideration shall never be enforced, or that it shall not stand for what it imports on its face, can have no valid effect whatever against the enforcement of the obligation of the note.

The agreement set forth in the offer is not of the character of contemporaneous agreements which will work a satisfaction of a note when executed.   It is an agreement in relation to the future conduct of the parties, to which they may or may not conform; and whether it shall be performed or not depended upon whether both parties could agree.   It was a contract of an executory character, and it never emerged into an executed one; and whether or not it was ever to be an executed agreement depended entirely upon the future conduct of the parties.   As the offer stands, it is just what the trial court denominated it—an attempt to vary and alter the terms and import of the promissory note upon which the suit was brought.

An offer of evidence tending to defeat recovery should be of facts clear and distinct in their character, and not of doubtful or uncertain import. For instance, an offer to give the acts and declarations of an assignor in evidence against his assignee should be so framed as to show that they were made before the transfer. If the offer leaves it in doubt whether the declarations were made before or after the transfer, it must be excluded. *Abb. Tr. Ev., tit. "Civil Actions," p.* 13; *Vrooman* v. *King,* 36 *N. Y.* 477.

The offer of the agreement was intended to show satisfaction of the note. That was the only purpose in law it could have. Now, the offer of evidence frequently occurs in the progress of a cause, and with a statement for the purpose for which it is offered, and it is always subject to an objection for irrelevancy or immateriality. This method has the sanction of usage, and may be now regarded as a well-regulated formula for obtaining a hearing upon the subject-matter of the offer and the purpose for which the evidence is offered. *Van Buren* v. *Well,* 19 *Wend.* 203. The trial court is bound to ascertain, as certainly as possible, if objection be made, that the evidence offered is material and relevant before it is received, and counsel must not leave it in an indefinite or doubtful shape, but are bound to inform the court of the facts expected to be proved, and how they are relevant, so that the court may act understandingly in relation to the admission of the evidence. 3 *Wait L. & P. (5th ed.)* 474. And the offer must be so full and specific that its exclusion would be erroneous in any point of view; and whenever its competency or materiality depends upon the facts, they must be stated, and the offers must also be made to prove them, or it is not error to sustain the objection. It rests with the party making the offer to so state the facts that there shall be no doubt what is intended to be proved, for if the party so chooses he need not make any offer of evidence at all, but rely upon the evidence to be obtained from the witnesses as called. *Carnes* v. *Platt,* 4 *Jones & S.* 361; *Keller* v. *New York Central Railroad Co.,* 2 *Abb. App. Dec* 480; *McGrath*

v. *Bell*, 1 *Jones & S.* 195 ; 2 *Rum. Prac.* 297 ; *Bayliss* v. *Cockroft*, 81 *N. Y.* 363.

The offer of the evidence in this case did not conform to established principles of law, as to relevancy and purpose, and therefore no error is found in its exclusion by the trial justice.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH.   12.

*For reversal*—None.