R. M. OWEN & COMPANY v. STORMS & COMPANY AND JAMES F. KELLY.

Argued November 9, 1908—Decided February 23, 1909.

1. While a corporation organized for the purpose of carrying on a manufacturing business has implied power to make negotiable paper for use within the scope of its business, it has no power to become a party to bills and notes for the accommodation of others.
2. The payee or indorsee of a promissory note, who is in possession of it, though not the beneficial owner thereof, may sue thereon in his own name by consent of the owner, and for such purpose may strike out his own and subsequent endorsements.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Duane E. Minard* and *Cortlandt Parker.*

For the defendants, *Scott German* and *Herbert Boggs.*

The opinion of the court was delivered by

TRENCHARD, J. This was an action in the Supreme Court brought against Storms & Company and James F. Kelly on a promissory note for $1,080, dated Newark, N. J., July 15th, 1907, to the order of R. M. Owen & Company, signed by "Storms & Co. Incp. James F. Kelly, Trs.," and endorsed by the defendant Kelly.

The trial at the Essex Circuit resulted in a verdict for both defendants; as to the defendant Storms & Company, by direction of the court, and as to the defendant Kelly, by the finding of the jury on the charge of the court.

The plaintiff company are automobile manufacturers. The defendant Kelly was the principal owner of the Newark Motor Car Company. Kelly had made contracts of sale for a certain number of the plaintiff's cars, and caused an order to be sent to their factory at Lansing, Michigan, to have them shipped. He had previously promised to make a deposit to guarantee the payment for such cars as he should order, but this he did not do. The cars were sent to Newark, consigned to the order of the plaintiff company, but they permitted Kelly to have them upon a promise that he would be personally responsible for payment. Kelly subsequently gave a note to pay for the cars, amounting to $4,080. This note when it fell due was renewed by two other notes given by Kelly. When these latter notes came due Kelly gave to the plaintiff, in the place of them, four notes similar to that now in suit, and of which that is one.

We think the direction of a verdict in favor of the defendant Storms & Company was right.

Storms & Company is a New Jersey corporation organized for the purpose of the manufacture and sale of plumbing supplies and to engage in the plumbing business. It had no connection whatever with the business of buying and selling automobiles. The evidence shows that Kelly was the treasurer of the company and owned eighty-five per cent. of its capital stock; that Kelly, whose paper theretofore given to the plaintiff had been dishonored, at the request or suggestion of the plaintiff, or its agent, gave the note in suit to strengthen his own paper and in renewal of his own note.

It does not appear that at the time the notes, of which that in suit was one, were given Kelly had any authority from Storms & Company to make them; but the company may have recognized them by charging him with some of them on his account with the company.

But the learned trial judge properly directed a verdict in favor of the company, on the ground that its act, even if Kelly's authority was admitted, was *ultra vires,* the notes being mere accommodation paper. The rule is that while a corporation organized for the purpose of carrying on a manufacturing business had implied power to make negotiable paper for use within the scope of its business, it has no power to become a party to bills or notes for the accommodation of others. *National Bank of Republic* v. *Young,* 14 *Stew. Eq.* 531; *Blake* v. *Domestic Manufacturing Co.,* 19 *Dick. Ch. Rep.* 480.

The company is not estopped from setting up the defence since there is no evidence that any stockholder or director except Kelly assented to or knew of the making the note in suit. *Perkins* v. *Trinity Realty Co.,* 3 *Robb.* 723.

With respect to the verdict of the jury in favor of the defendant Kelly, we think it cannot stand.

The learned trial judge charged the jury as follows: "If the plaintiff was not the owner of the note when the summons in this case was issued, the action was not well brought and the suit fails."

The proof shows that after receiving the note, and before maturity thereof, the plaintiff company, for a valuable consideration turned it over by endorsement to its general manager, Raymond M. Owen, and that he, after it had been dishonored, turned it back to the company by endorsement to enable them to bring suit upon it. This was not disputed, it being conceded, it seems, that at the time suit was brought, the beneficial interest in the note was in Raymond Owen.

For the purpose of bringing this suit against the maker and the endorser Kelly, the plaintiff struck out its own and subsequent endorsements in accordance with the practice indicated in *Middleton* v. *Griffith,* 28 *Vroom* 442.

We think that the plaintiff company was the holder of the note and was entitled to maintain suit upon it. This right is expressly given by statute (*Pamph. L.* 1902, *p.* 583) and was undoubted at common law in the absence of a statute. *Mid-*

*dleton* v. *Griffith, supra.* Section 51 of our Negotiable Instrument act (*Pamph. L.* 1902, *p.* 592) provides that "the holder of a negotiable instrument may sue thereon in his own name," and section 191 (at *p.* 614) of the same act defines a "holder" as "the payee or indorsee of a bill or note who is in possession of it, or the bearer thereof." The instruction that if the plaintiff was not the owner of the note there could be no recovery was therefore erroneous.

While it is true that there is evidence tending to show that there was no consideration for the note in suit, yet since the verdict may have been predicated upon the erroneous charge, it must fail unless the proofs show that for some other reason there was no right to recovery.

It is contended that no recovery could be had because the plaintiff had not obtained a certificate to do business as a foreign corporation, and the defendant relies upon the act for the licensing of foreign corporations of March 29th, 1904. *Pamph. L., p.* 384. But that act was repealed March 17th, 1905. *Pamph. L., p.* 60. Moreover, the defendant's pleadings do not set up, nor do the proofs disclose, that the plaintiff has been transacting business in this state within the meaning of section 97 of our Corporation act (*Pamph. L.* 1896, *p.* 307), as construed by *Delaware and Hudson Canal Co.* v. *Mahlenbrock,* 34 *Vroom* 281. Furthermore, if the plaintiff's testimony be true the transaction which is the subject-matter of this suit was not carried on in this state but in a foreign state. The contention of the defendant Kelly that there could be no recovery as against him therefore cannot prevail.

Let the rule to show cause be made absolute.