## In re POWERLIGHT, Inc.

## KAUFMAN et al. v. BENNER.

Circuit Court of Appeals, Third Circuit.
September 17, 1927.

No. 3619.

Bankruptcy ⬅172—Corporate officers, exploiting corporation, are liable on bankruptcy for indebtedness and expenses in amount less than secured by them (Corporation Act N. J. § 64 [2 Comp. St. 1910, p. 1638]).

Where officers of corporation exploited it for personal profit, and used it as mere instrument for their own gain, paying themselves excessive salaries, royalties, and commissions, such transactions were void, under Corporation Act N. J. § 64 (2 Comp. St. 1910, p. 1638), and officers, after bankruptcy of the corporation, were liable for indebtedness and reasonable administration expenses, amounting to less than that received by them on illegal transactions.

Appeal from the District Court of the United States for the District of New Jersey; Runyon, Judge.

In the matter of the bankruptcy of Powerlight Incorporated, wherein Wesley Benner was trustee. From an order directing Adolph G. Kaufman and another to turn over to the trustee certain amounts to pay indebtedness and administration expenses, they appeal, and petition to revise. Reversed, with directions.

I. F. Goldenhorn, of Jersey City, N. J., for appellants.

Alfonzo U. Quint, of Metuchen, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This proceeding is a petition to revise an order in bankruptcy. The District Court affirmed an order of the referee directing Adolph G. Kaufman to turn over to the trustee $16,000 with which to pay the indebtedness and administration expenses of the bankrupt estate, and in addition directed William C. Christianson also to turn over to the trustee $16,000, making $32,000 in all.

Adolph G. Kaufman and William C. Christianson were engaged in an oil-lighting enterprise under the firm name of Home Comforts Company. They are alleged to have become indebted to Mathias Rosenshine, father-in-law of Kaufman, to the extent of $23,422.33. They were also indebted to many others. They organized a corporation known as the Powerlight Company and transferred to it all the assets belonging to the Home Comforts Company. At the or-

21 F.(2d)—38

ganization meeting held in May, 1922, they with Louis A. Hirsch elected themselves directors and officers of the new company at large salaries and in addition voted to Kaufman commissions and royalties on all sales. The Powerlight Company assumed the indebtedness due to Rosenshine, but did not assume that due to other creditors. There is some question as to how much the assets, transferred to the Powerlight Company, were worth. It is asserted on the one side by the bankrupts that they were worth $87,000 or $90,000 and on the other side by the trustee that they were worth only $5,000 to $8,000.

Certain claims against the firm of Home Comforts Company, in which Kaufman and Christianson were the sole members, were in litigation in New York. One of them went to judgment and, not being paid on execution, supplementary proceedings were begun and an order was secured against the Powerlight Company returnable January 9, 1925. On January 6, 1925, three days before the order was to be argued, Kaufman and Christianson, as the board of directors and officers of the Powerlight Company, filed a voluntary petition in bankruptcy for that company and secured an order restraining the creditors from proceeding with their claims against it. During the two years of the existence of the Powerlight Corporation, Kaufman received in salary, commissions, and royalties $36,389.38, and Christianson $5,200. In addition they paid to Rosenshine his alleged debt of $23,422.33.

The purpose of the petition of the trustee was to require Kaufman and Christianson each to turn over $16,000 to him with which to pay the indebtedness and administration expenses of the bankrupt estate and the debts of the Home Comforts Company on the ground that the appellants under the guise and name of Powerlight Company took over the assets of the former company and converted them to their own use, thus using the Powerlight Company as an instrument to dodge their individual debts contracted while operating under the name of the Home Comforts Company. The appellants deny these allegations and say that they cannot be compelled to turn over the money demanded and aver that they legitimately and in good faith paid out the money they received and that the acts complained of took place more than four months before the petition in bankruptcy was filed.

The learned District Judge held in substance that: The appellants did exploit the Home Comforts Company for personal

profit and used the company as a mere instrument for their own gain; the assets of the Home Comforts Company were conveyed to the Powerlight Company on the votes of the appellants and for their benefit when both companies were insolvent; the salary, royalties, and commissions were voted to Kaufman by himself. Consequently these transactions are void and the appellants should turn over to the trustee a sufficient amount to pay the creditors and administration expenses.

In our opinion these conclusions as to the facts are supported by the evidence and as to the law are sound. Therefore the appellants should pay the indebtedness and reasonable administration expenses, an amount admittedly less than they received and was expended by means of the so-called contracts. Section 64, New Jersey Corporation Act (2 Compiled Statutes of N. J. 1910, p. 1638); In re McCarthy Portable Elevator Co. (D. C.) 196 F. 247; Owen v. Storms & Co., 78 N. J. Law, 154, 72 A. 441; Gardner v. Butler, 30 N. J. Eq. 702.

What amount will be required to do this? Counsel for appellants said at the argument that all the indebtedness had been paid except about $2,000 and this statement was not denied. He further said that the appellants intended to pay the balance of the indebtedness and reasonable administration expenses. The exact amount that will be required to do this has not been determined by either the referee or District Judge. That amount should be found and then an order made requiring the appellants to pay that amount, no more and no less.

The order of the District Court is therefore reversed, with directions to determine the amount of the indebtedness and reasonable administration expenses, and order the appellants to turn over and pay to the trustee in bankruptcy this aggregate amount when it has been thus determined.