ALABAMA MARBLE COMPANY, A CORPORATION, PLAIN-
TIFF, v. HARLEIGH MEMORIAL, INCORPORTED, A
CORPORATION, DEFENDANT.

Decided September 28, 1933.

Before Henry H. Eldredge, Circuit Court judge.

For the plaintiff, *Riggins & Davis*.

For the defendant, *Starr, Summerill & Lloyd*.

ELDREDGE, C. C. J. Suit is brought by the plaintiff in the above entitled case upon a contract entered into between the plaintiff and the defendant for the furnishing of marble and the erection of a mausoleum in Harleigh cemetery, the contract price of which was $73,600, to which is to be added an item for extras of $2,600.68, or a total sum of $76,200.68. On account of this amount there has been paid $40,458.10 and a credit of $3,649.58 given, leaving a balance alleged to be due of $32,093 (stated as $32,003 in the plaintiff's complaint).

The plaintiff seeks to recover the amount in question and in its complaint sets up four separate counts. The first recites two certificates given by the architects, provided for in the contract, approving of payments of $18,375.75. The second count asks for the amount claimed under the first count and the sum of $13,627.25, or a total of $32,003. The third count seeks to recover on a *quantum meruit* and alleges $32,003 due; and the fourth count claims the sum of $25,000, represented by two promissory notes, one for $15,000 and one for $10,000, dated May 8th, 1931, the former due in six months and the latter in eight months from date, and a balance of $7,003, making a total of $32,003 alleged to be due.

To these four counts the defendant makes answer denying that there is any sum due the plaintiff, and then sets up fourteen separate defenses, which need not be here stated in full. The defense generally alleges that the labor performed and the material furnished by the defendant was not in accordance with the terms of the contract, and that either there is nothing due the plaintiff, or at least much less due it than is claimed in this suit.

The affidavits filed on the motion admittedly raise a question as to what amount, if any, is due the plaintiff, so that the sum of $13,627.25 asked for in the second count and the whole sum of $32,003 sought to be recovered in the third count, and the sum of $7,003 claimed in the fourth count seem to the court to be fully answered by the defendant.

This court upon affidavits merely will not determine what amount is due the plaintiff on a *quantum meruit,* nor will it determine what amount should be deducted from the whole sum claimed because of alleged defects in material and workmanship. The only question, then, to be determined by the court is whether or not, under the proof as disclosed by the affidavits, this court may render judgment for a part of the claim and permit counsel to go to trial for the balance.

Rule 82 of the Supreme Court provides: "If it appear that such defense applies only to part of the plaintiff's claim or that any part is admitted, the plaintiff may have final

judgment forthwith for so much of his claim as the defense does not apply to or as is admitted, subject to such terms as may be deemed just."

It is to be noted that no part of the present claim is admitted, nor is there any part of the claim to which the defense does not apply. Counsel for the plaintiff, however, contends that the amount asked under the first count, namely, $18,375.75, alleged to have been certified by the architects as due the plaintiff, cannot be defended nor can the sum of $25,000, represented by the two promissory notes mentioned in the fourth count.

With respect to the first item mentioned, the defendant contends and supports its contention by affidavits, that those certificates were never delivered to the plaintiff that it might obtain payment thereon, but that they were merely delivered to William C. Jones, representing the Harleigh Memorial, Incorporated, for his approval. Mr. Jones, in his affidavit, further contends that the first certificate sent in for $13,375.75, was never approved and that at his suggestion the second certificate for $5,000 was made, which was to be a substitute for the larger one because of the fact that the larger amount was not, at the time it was executed, due.

In this connection it is to be noted that while the contract dated August 1st, 1929, refers to Lovell & Lovell as "architect and superintendent," and provides that payment shall be made when the work is done to "the full and complete satisfaction of said Lovell & Lovell, the architect and superintendent," nevertheless the defense alleges a subsequent agreement whereby Jones was substituted as superintendent and that under the terms of the proposal of March 21st, 1929, the work was to be done to the satisfaction of the superintendent. Jones' contention being that he was the superintendent and the work required to be done to his satisfaction, and the architect's certificates being turned over to Jones instead of being given to the plaintiff, certainly raises a jury question as to the circumstances surrounding their delivery.

The second item of $25,000 involves a matter of pleading as well as one of merit. Counsel for the defendant alleges

that the two notes in question were accepted by the plaintiff in payment of that amount, and counsel for the plaintiff is willing to concede that to be true. As the proof stands at the present time, had there been a separate suit brought on these notes or had a separate count been added to the complaint, we think, without actually deciding the question, that the plaintiff would have been entitled to recover that amount. There appears to the court to be no legal defense set up in the affidavits to these two notes which could be proven at the trial. "Evidence of a parole contemporaneous agreement that a promissory note should not be paid in whole or in part is not admissible. The general rule applicable to promissory notes is that evidence is not admissible to vary the contract between the parties, and this is true whether the evidence be of a contemporaneous agreement or of any other character." *Middleton* v. *Griffith,* 57 *N. J. L.* 442; 31 *Atl. Rep.* 405.

The difficulty with the fourth count lies in the fact that the whole sum of $32,003 is sought to be recovered, and the notes appear to the court to be mentioned merely as an admission on the part of the defendant that such an amount is due. If, as counsel for both sides now contend, these notes were accepted as payment of the sum of $25,000, then there is only $7,003 due under the contract, and suit should be brought on the notes to recover their amount. If they were not accepted as payment, then they will be merely evidence of an admission on the part of the defendant that that amount is due under the contract upon which suit is brought.

What counsel is really asking this court to do is to fix a partial amount due under the contract, which, for the purposes of this motion, was not fully performed, or to fix an amount that should be deducted from the contract prices because of defects, which again, for the purposes of this motion, must be admitted to exist.

No sum is admitted to be due under the pleadings, nor can the court, after a full consideration of the proof presented, determine as a matter of law what either amount should be.

The motion to strike will be denied.