## Sturgeon v. Apollo Oil & Gas Company, Limited, Appellant (No. 1).

|  |  |
|---|---|
| 203 | 369 |
| f 203 | 375 |
| f 203 | 376 |
| 203 | 369 |
| e210 | ¹287 |

*Partnership—Limited partnership association—Denial of partnership—Contribution of capital—Estoppel.*

Where three persons form a limited partnership association, signing the necessary papers for that purpose and hold themselves out as limited partners, two of them will not be heard to aver subsequently that the third was but a straw partner and had no interest in fact in the partnership.

Where three persons form a limited partnership association, each having a nominal division of the capital stock, and the whole capital contribution consists of money borrowed by two of the partners from a limited partnership which they control, and this loan is subsequently paid back out of profits, the other partner is entitled to his share on the ultimate dissolution of the partnership, although he made no actual contribution to the capital, and his two copartners will not be heard to aver that he was merely a nominal partner, whose name was used merely because the act required a third

person, where this fact is denied by the other partner, and his denial is supported by the recorded articles filed in successive years, and in which he was held out to the world as an actual partner.

Argued March 4, 1902. Appeal, No. 24, Oct. T., 1902, by defendant, Apollo Oil & Gas Company, Limited, from decree of C. P. No. 1, Allegheny Co., March T., 1900, No. 522, on bill in equity in case of George A. Sturgeon v. Apollo Oil & Gas Company, Limited, L. T. Yoder and S. W. Vandersaal. Before McCollum, C. J., Dean, Fell, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for account.

The bill averred that in July, 1894, the plaintiff, Sturgeon, L. T. Yoder and S. W. Vandersaal formed a limited partnership under the act of 1874 and its supplements, called the Apollo Oil & Gas Company, Limited, for the purpose of producing oil and gas, etc., with a capital of $1,000, divided into ten shares of a par value of $100; that Yoder subscribed for $400, Vandersaal $400, and Sturgeon $200 of the stock; that the cash capital was all borrowed; the business of the association was successful, and in November, 1899, the association was the owner of property and rights worth $30,000, besides having cash in bank and bills receivable; that in September, 1899, Yoder, Vandersaal and Sturgeon were elected board of managers for the ensuing year, Yoder being elected chairman, Vandersaal treasurer, and Sturgeon secretary; from that time up.to the time of the filing of the bill in February, 1900, the persons named held the offices in the association; that in November, 1899, at a meeting of the stockholders, it was unanimously resolved to sell the property and rights of the association to the American Natural Gas Company for $30,000, and that deed and conveyances were delivered on November 18, 1899, and consummated the sale, Vandersaal, as treasurer, receiving the $30,000 in cash, which was deposited to the credit of the company; that on November 18, 1899, Vandersaal, as treasurer, without calling a meeting of the board of managers, and without legal authority, and in violation of Sturgeon's rights, paid $30,000, received for the property to himself and Yoder, paying Yoder $20,000, and appropriating $10,000 himself, leaving $1,392.70 to the credit of the company at its depository; that Yoder and Vandersaal

were in possession of the books and assets of the company, and refused to pay Sturgeon one fifth of the $30,000 so received, as well as one fifth of the balance in the depository. That no person was interested in the moneys and property of the association, except Sturgeon, Vandersaal and Yoder, and that the association was not indebted to any person, except its stockholders, and that by fraud and mismanagement Yoder and Vandersaal deprived Sturgeon, then the minority stockholder, of his rights to participate in the $30,000 received for the sale of the property, and the balance in the hands of the treasurer. The bill prayed for relief:

1. Ordering Yoder and Vandersaal to account to the association for its assets.

2. For a decree directing Yoder and Vandersaal to pay Sturgeon his share of the $30,000 and the balance in the hands of the treasurer.

3. For a decree dissolving the association and for the appointment of a receiver.

4. For general relief.

Answers were filed denying the material averments of the bill.

The court in an opinion by STOWE, P. J., entered a decree in accordance with prayers of the bill, except that no receiver was appointed.

*Error assigned* was the decree of the court.

*A. M. Neeper*, for appellants.—The plaintiff alleges in his bill, paragraph second, that the cash capital contributed to the said partnership association and subscribed for by the parties to said agreement was all borrowed by said partnership association, and the testimony of the plaintiff is to the same effect. The testimony of the defendants is that the capital was paid by a charge against Vandersaal and Yoder upon the books of the West Penn Gas Company. Under these conditions the limited partnership association never legally came into existence and the plaintiff could acquire no rights under the articles of association. If the plaintiff requires the aid of a transaction prohibited by statute or vicious in itself to establish his case, he cannot recover: Swan v. Scott, 11 S. & R. 155; Johnson v.

Hulings, 103 Pa. 498; Kunkle's Appeal, 107 Pa. 368; Nester et al. v. Continental Brewing Company, 161 Pa. 473.

*James W. Lee* and *John B. Chapman*, for appellee, cited: Rowley's App., 115 Pa. 150.

OPINION BY MR. JUSTICE DEAN, October 13, 1902:

In July, 1894, George A. Sturgeon, the plaintiff, with L. T. Yoder and S. W. Vandersaal, two of the defendants, formed a limited partnership, under the act of 1874 and its supplements, for the purpose of leasing and operating oil and gas territory. The name of the partnership was that of " Apollo Oil and Gas Company," the other defendant to this suit. The capital stock was $1,000, divided into ten shares of $100, of which Yoder and Vandersaal subscribed for four each, and Sturgeon two. The $1,000 was borrowed from the West Penn Gas Company, a corporation, the stock of which was owned and controlled by Yoder and Vandersaal. The money borrowed was repaid from the funds of the Apollo Oil & Gas Company, Limited. Both the loan and the repayment were made under the direction of Yoder and Vandersaal. Sturgeon, personally, paid no part of his subscription to the capital stock. The partnership was prosperous and continued in business down to November 17, 1899, a period of more than five years, when it sold out all the partnership assets to the American Natural Gas Company for $30,000. There was, also, at the same time, an unexpended balance in the treasury approximating $1,400. Yoder and Vandersaal took the whole of the $30,000 and divided it between them, and further, refused to share with Sturgeon the unexpended balance.

Thereupon Sturgeon filed this bill. It avers the partnership; the number of shares and par value of capital stock; how capital was paid in; that the board of managers was made up of the three partners, Yoder president, Vandersaal treasurer and Sturgeon secretary; that the same board by re-election continued during the business life of the partnership; that the company, as also Yoder and Vandersaal, refused to pay to Sturgeon any share of the proceeds of sale or of the unexpended balance. The plaintiff prayed that the defendants be directed to pay to him one fifth of the $30,000, with interest, also one

fifth of the unexpended balance, an account of which last was prayed; also that the partnership be dissolved and a receiver appointed.

All three of the defendants filed answers; all admitted the formation of the partnership, the nominal division of the capital stock and that it was paid for by Yoder and Vandersaal by a loan to them of the West Penn Gas Company, which company they practically owned. They denied, positively, that Sturgeon had or was to have any real interest in the partnership, and averred that at his suggestion, he was nominally made a partner because the law required that not less than three should join in the original recorded articles of the association; that by the original understanding and agreement with Sturgeon, he was to have no interest in the partnership, nor was he to contribute to the capital stock; that the two shares nominally his, belonged to Yoder and Vandersaal, and were paid for by them; that Sturgeon was merely counsel and secretary for the company at an annual salary of $50.00.

On the bill and answers the issue hinged, first, on the question of fact, was plaintiff really a partner? On the face of the papers he clearly was. The court below, in addition to what appeared from the writings, heard the oral evidence of all three ostensible partners. Their statements on the main question were almost flatly contradictory. There is no substantial dispute as to how the entire subscription to the capital stock was paid. It was loaned by the Penn Gas Company to Yoder and Vandersaal for that purpose; they controlled the lender as owners of its stock, and the borrower, too, as owners of at least four fifths of its shares, and the loan was repaid out of the funds of the borrower.

The testimony of Sturgeon is, that just before the organization of the partnership, Vandersaal came to him at his office and they talked over the formation of the partnership; that on his, Sturgeon's, saying he had no money, Vandersaal said, "That does not matter, I will put it in for you;" that after this Vandersaal told him he had put the money in for him.

Soon afterwards, the partnership was formed under the act of June 2, 1874. The articles set out that the capital is $1,000, that Vandersaal and Yoder have each subscribed for $400, and Sturgeon for $200, and all three subscribe the articles and

acknowledge them before a notary; then on July 31, 1894, they were duly recorded in the recorder's office for Allegheny county.

This is not a case where the averments of the bill are unsupported except by the affidavit of the complainant; they are supported, also, by every writing in the business, from the solemn official acknowledgment of the articles, down to the last minute on the partnership records before the sale. The affidavits and oral testimony of both Vandersaal and Yoder contradict the record, and their own explicit declarations in the acknowledgment in the articles of association. The fact, that Sturgeon did not reach into his pocket, take out $200, and pay it to the treasurer of the Apollo Oil & Gas Company, is not very material in view of the fact, that the whole capital was borrowed from the West Penn Gas Company, and then repaid out of the earnings of the Apollo Company. So far as we can see, there was no violation of law in failure to pay the capital stock by any one of the subscribers in this transaction. Besides, the testimony of Vandersaal is wholly inconsistent with his testimony in a hearing in a former case, Farrer and Tafts v. Hukill et al., so inconsistent, that it almost necessarily discredited his testimony in this case. We think the court below, on the testimony before it, properly found the fact to be that Sturgeon was really a member of the partnership to the extent of one-fifth interest, and to that extent was entitled to share in the purchase money and in the unexpended balance.

But apart from the fact found, the defendants cannot avail themselves of a plea, that the partnership was unlawful. The act of assembly requires that the number of partners shall not be less than three; they explicitly declared in the recorded articles that there were three, Sturgeon being one; this declaration they reiterated for five years; they cannot now be heard to say there were but two; that Sturgeon never was a partner; not only was it a fraud upon the law but on the public for five years to represent him as a partner. Any violation of the limited partnership act of 1874 would have imposed upon each partner the liability of a general partner; Sturgeon could not have escaped, as to creditors and the public such liability, by alleging he was a mere straw partner. He held himself out, and Vandersaal and Yoder held him out, as an actual partner, and

the law would have regarded him as such. The principle enunciated in Rowley's Appeal, 115 Pa. 150, is directly in point here, as the court below held. The fact, that in that case stockholders in a corporation sought for their own advantage to allege a violation of law, makes no difference in the application of the principle. Both stockholders in corporations and shareholders in limited partnerships organize or associate under the law, because of the special privileges such organizations give them and the special immunity from unlimited liability. Their organizations must, therefore, be made in good faith in obedience to the law. In the case cited our Brother MITCHELL, then sitting in the common pleas, used this language :

" This defense, if true, was a plain fraud on the law. If the fact as now alleged by the respondents had been truly set forth in their application, the governor would not have granted them a charter. By joining in an application which set forth the complainant and others as corporators according to law, the respondents estopped themselves from contesting the truth of that fact."

This was affirmed by the Supreme Court.

The objections to the form of the decree are without merit. What we have said covers all the other assignments of error; they are overruled, and the decree of the court below is affirmed.