# Italian Co-operative Banking Association *v.* La Spada, Appellant.

*Judgment—Opening judgment—Fraud by maker—Judgment note—Threat of imprisonment.*

A judgment entered on a judgment note given to a bank will not be opened on the ground that the maker was induced to sign the note by threats of immediate imprisonment on a charge of passing worthless checks and of obtaining money by false pretenses, where it appears that the maker in giving the note actually participated in an attempted fraud to deceive the representative of the banking commissioner; nor will a surety on the note be relieved from the consequences of the judgment if it appears that he suggested the giving of the note as an adjustment of a substantial controversy between the bank and the maker, and volunteered to become the latter's surety.

Argued Dec. 3, 1914.   Appeal, No. 265, Oct. T., 1913, by defendants, from order of C. P. No. 1, Phila. Co., Sept. T., 1913, No. 3,388, discharging rule to open judgment in case of Italian Co-operative Banking Association v. Joseph La Spada and Ralph Laura. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the facts.

*Error assigned* was the order of the court discharging rule to open judgment.

*H. Edgar Barnes*, for appellants, cited: Fountain v. Bingham, 235 Pa. 35.

*David Serber*, for appellee, cited: Rothermel v. Hughes, 134 Pa. 510; Fountain v. Bingham, 235 Pa. 35.

OPINION BY ORLADY, J., December 20, 1914:
On October 29, 1913, the plaintiff entered a judgment on a single bill under seal, dated October 22, 1913,

for $700, with interest. Within a few days thereafter the defendants presented a petition to open this judgment, alleging that the note on which it had been entered was obtained by fraud and without consideration, and that they were induced to sign said note by threats of immediate imprisonment on a charge of passing worthless checks, and of obtaining money by false pretenses.

Dispositions were taken and after full hearing the rule was discharged.

After a careful examination of all the testimony in the case, it is apparent that so far as Lauria is concerned, his appeal is without merit, for the reason that he suggested giving the note as an adjustment of a substantial controversy between the plaintiff and LaSpada, and volunteered to become the latter's surety. As to La Spada, the case is somewhat more complicated, but he is not in position to claim the intervention of equitable rules, when his own conduct indicated that he was not only willing, but actually participated in an attempted fraud to deceive the representative of the banking commissioner.

As said by RICE, P. J., in Binkley v. Nolt, 46 Pa. Superior Ct. 531, "It is a maxim, that he who comes into equity must do so with clean hands. Thus a party who seeks to set aside a transaction on the ground of fraud must himself be free from any participation in the fraud, if he desires equitable relief. As has been tersely stated, 'Equity has no relief for a party who, in the practice of one fraud, has become the victim of another:' Hershey v. Weiting, 50 Pa. 240; Reynolds v. Boland, 202 Pa. 642. This principle is of general application, and is enforced nowhere more rigidly than where the equitable jurisdiction of the common-law courts to open their judgments is involved. In Blystone v. Blystone, 51 Pa. 373, it is said: 'If parties concoct a scheme to defraud others and resort to a judgment to effect their object, both having in view the same thing, there is no fraud between them, assuredly, of which either can

complain or call on a court for relief." And in Kaier Co. v. O'Brien, 202 Pa. 153, Mr. Justice FELL said, "An application to open a judgment is addressed to the equitable powers of the court. The measure of the proof required to send a case to a jury cannot be defined by rule, but it may be said that while a mere conflict of evidence is not generally sufficient, the defendant should be allowed a trial when he has shown by a preponderance of evidence sufficient to sustain a verdict in his favor, that he has a just defense: Earley's App., 90 Pa. 321; Jenkintown National Bank v. Fulmor, 124 Pa. 337. In Mitchell on 'Motions and Rules,' page 78, it is said: 'A defendant who has only enough evidence to produce a fair conflict, ought not prevail against a plaintiff who has also evidence amounting to a fair conflict, plus the written instrument. The true rule to which I believe the courts must ultimately come is that the defendant should show by a preponderance of evidence that a jury ought and probably will find in his favor."

Measured by these rules the court below was fully warranted in discharging the rule.

The judgment is affirmed.