# Mars National Bank *v.* Hughes, Appellant.

*Negotiable instruments—Defenses—Note given for fraudulent purpose.*

In an action by a bank against the maker of a promissory note no error was committed in directing a verdict for the plaintiff where the only defense to the note was the testimony of the defendant himself to the effect that he had given the note for the purpose of enabling the bank to deceive the bank examiners of the United States.

Argued Oct. 23, 1916.    Appeal, No. 144, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 601, on verdict for plaintiff in case of Mars National Bank v. Benjamin W. Hughes.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ.   Affirmed.

Assumpsit upon a promissory note.

The facts appear in the following opinion by SHAFER, J.:

A judgment entered against defendant in favor of plaintiff, on a note containing warrant of attorney, dated June 21, 1912, for $6,000, was opened and the defendant allowed to defend.   The defense set up by the affidavit of defense is, substantially, that the cashier of the bank in 1909 solicited the defendant to give a note to the bank for $6,000 and the bank would secure him by giving him certain mortgages which they held of one Joseph S. Clark, and that the reason for this was that the bank could not legally hold mortgages as part of its assets, and that afterwards he assigned these mortgages to the bank in payment of the note or a renewal of it, and that thereafter defendant made the note now in suit, which he says he was persuaded to make, by the cashier, for the same purpose of enabling the bank to show a note instead of mortgages when its affairs should be examined.

The plaintiff's case was made out by putting the note in evidence.   The only witness on the part of defendant was himself, and his testimony was substantially the same as his affidavit of defense.   On the part of the plaintiff it was testified that no such arrangement was made with defendant, but that he did what he did as an accommodation to Clark.   A verdict was directed for the plaintiff on two grounds, (1) because the evidence offered to show that the note of June 21, 1912, was not an obligation for money such as it purported to be, and to reform it, was only that of one witness without any corroboration; and (2) because in the opinion of the court the defendant could not be heard to say that a note which he had voluntarily given, according to his own account, for the purpose of enabling the bank to deceive the bank examiners of the United States was not what it purported to be.   Upon an examination of the case we are convinced that each of these reasons for directing a verdict for the plaintiff was a valid one, and the motion for a new trial is therefore refused.

Verdict for plaintiff for $7,770 and judgment thereon. Defendant appealed.

*Error assigned,* inter alia, was in giving binding instructions for the plaintiff.

*W. G. Crawford,* for appellant.

*W. W. Stoner,* of *J. M. Stoner & Sons,* with him *O. R. & C. M. Cooke,* for appellee.

PER CURIAM, January 8, 1917:

The judgment in this case is affirmed on the opinion of the learned president judge of the court below overruling defendant's motion for a new trial.