# Paul *v.* Paul et al., Appellants.

*Partnership—Certificate of partnership filed in prothonotary's office—Fraud—Intention to defraud creditors—Estoppel—Equity— Accounting—Dissolution—Fraud as defense—Contract.*

1. Where a father, a son and a daughter filed a certificate of partnership in the prothonotary's office, although no partnership in fact existed, and the certificate was filed to protect the property of the father from creditors, and the son subsequently files a bill in equity against his father and sister for a dissolution of partnership and for an accounting, the defendants cannot set up as a defense the fact that the certificate was filed of record for illegal purpose.

2. A voluntary conveyance made or contract entered into for the purpose of defrauding creditors, although void as to them is binding upon the parties, inasmuch as the contract being for an illegal purpose, the law will leave the parties where it finds them, and as between themselves they will not be permitted to set up their fraudulent act to avoid their obligations under its terms.

Argued October 6, 1919.    Appeal, No. 329, Jan. T., 1919, by defendants, from decree of C. P. Schuylkill Co., May T., 1918, No. 1, on bill in equity in case of Howard

I. Paul v. Levi M. Paul and Sarah K. Paul. Before
BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WAL-
LING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for dissolution of a partnership and for
an accounting. Before BERGER, J.

The court entered a decree for dissolution of partner-
ship and for an accounting. Defendants appealed.

*Error assigned* was the decree of the court.

*E. D. Smith,* with him *Roscoe R. Koch,* for appellant.
—As between the parties themselves, the one who al-
leges a partnership must show not only his own volun-
tary assent to the relation, but the like assent of every
other alleged partner: Hedge's App., 63 Pa. 273; Fen-
ner v. Rhoad, 8 Northamp. Co. Rep. 121.

Notwithstanding the court's finding that there was
no partnership intended and none formed, the learned
chancellor has penalized the defendants into a partner-
ship between themselves and the plaintiff, by reason of
their having signed the stipulation referred to in the
plaintiff's bill.

The appellants contend that this is just what the au-
thorities say cannot be done—that a partnership cannot
be created from the act of law and parties cannot be sur-
prised into a partnership against their will: Burstein v.
Burstein, 27 Pa. D. Rep. 531; Phillips v. Phillips, 49
Ill. 437; Houston v. Graff, 24 Pa. C. C. R. 477; Binkley
v. Nolt, 46 Pa. Superior Ct. 531.

*Otto E. Farquhar,* with him *Cyrus M. Palmer* and
*Edgar Downey,* for appellee.—The appellants are es-
topped from setting up their fraud in avoidance of the
partnership agreement: Jones v. Shaw, 8 Pa. Superior
Ct. 487; Mars Nat. Bank v. Hughes, 256 Pa. 75; Italian
Coöperative Banking Assn. v. La Spada, 58 Pa. Su-
perior Ct. 576; Binkley v. Nolt, 46 Pa. Superior Ct. 531;

Sager v. Mead, 171 Pa. 349; Gill v. Henry, 95 Pa. 388; Bredin's App., 92 Pa. 241; Blystone v. Blystone, 51 Pa. 373; Dillen v. Dillen, 221 Pa. 435; Greater Pittsburgh Real Est. Co. v. Riley, 210 Pa. 283.

The stipulation filed with the prothonotary is a public record and cannot be contradicted by parol evidence.

The appellants are estopped from denying the existence of the partnership, by having availed themselves of the advantages arising from an apparent partnership relation with appellee: Bidwell v. Pittsburgh, 85 Pa. 412.

OPINION BY MR. JUSTICE FRAZER, January 12, 1920:

Levi M. Paul, one of the defendants, conducted with George Heebner a partnership business in the City of Pottsville for the sale of musical instruments. This partnership was dissolved in 1895 and Paul engaged in the same business in the same city on his individual account which he continued until January 13, 1903, at which time plaintiff, Howard I. Paul, alleges a partnership agreement was made orally between him and defendants, Levi M. Paul, his father, and Sarah K. Paul, his sister. On May 31, 1904, the parties named filed in the office of the prothonotary of the county in which they were doing business, a certificate to the effect that on January 19, 1903, they entered into a copartnership for the sale of music and musical instruments, under the name of Levi M. Paul & Company, and stated their respective interests in the firm to be Levi M. Paul one-fifth, Sarah K. Paul two-fifths, and Howard I. Paul two-fifths. The business was continued under that name until August, 1917, when a disagreement arose and plaintiff demanded his interest in the firm, and, upon his right to share in the firm property being denied by defendants, the present bill was filed asking that the partnership be dissolved and an accounting ordered. Defendants denied the existence of the partnership and averred plaintiff was merely an employee and that the certificate

filed by plaintiff and defendants in the prothonotary's office was "for the purpose of protecting the property of Levi M. Paul from the possible liability for the debts of Heebner & Paul." The court below found as a fact that a partnership was not intended in good faith to be formed between the parties, and that plaintiff was aware he was without actual interest in the business or its assets, and at no time asserted an interest until August, 1917, following a dispute which arose between him and his father. The court found the purpose disclosed by the defense was fraudulent and defendants were estopped from asserting their claim and from denying the partnership, and that to permit such defense would allow defendants to benefit by setting up their fraud in avoidance of their contract. A decree was accordingly entered directing an accounting.

We find no substantial dispute as to the facts of the case and the conclusion of the chancellor that a bona fide partnership was not entered into by the parties is in favor of appellants, consequently we need only consider the soundness of his conclusion that defendants were estopped from denying the partnership relation, as set forth in the certificate filed pursuant to statutory provision, and evidenced by other acts and conduct indicating the existence of a partnership, where it is conceded the purpose was to deceive creditors of one of the defendants.

A voluntary conveyance made or contract entered into for the purpose of defrauding creditors, though void as to them, is binding upon the parties. This rule is based upon the theory that the contract being for an illegal purpose, the law will leave the parties where it finds them and as between themselves they will not be permitted to set up their fraudulent act to avoid their obligations under its terms: Jackson v. Thompson, 222 Pa. 232; Mars Nat. Bank v. Hughes, 256 Pa. 75; Italian Coöperative Bkg. Assn. v. La Spada, 58 Pa. Superior Ct. 576. In applying this rule the test is, as was stated

in the early case of Swan v. Scott, 11 S. & R. 155, whether the plaintiff required the aid of an illegal transaction to establish his case, and if he cannot prove his case without showing he has broken the law or participated in a fraudulent transaction, the court will not assist him. See also Bredin's App., 92 Pa. 241, 246; Monongahela Nat. Bank v. First Nat. Bank of California, 226 Pa. 270, 276. The rule applied in this case operates to prevent defendants from setting up as a defense the fact that the stipulation was filed of record for an illegal purpose: Sturgeon v. Apollo Oil & Gas Co., 203 Pa. 369.

The decree of the court below directing defendants to account is affirmed. Costs of this appeal to be paid by appellant.