# Kurtz, Receiver, Appellant, v. Lawrence et al.

*Contract—Receiver—Sale—Approval by court—Promissory note —Parol agreement—Principal and guarantor—Guaranty—Fraud on court.*

1. In an action against the guarantor on a promissory note, given to a receiver under a contract known to defendant by which the receiver was to sell certain real estate, and accept therefor the note in question and deferred installments in cash with a provision that if the conditions of the contract were not carried out the moneys paid should be forfeited, and the note should be due and collectible, binding instructions should be given for plaintiff, where the only defense offered is parol testimony to the effect that the note was to be used by the receiver to secure the approval of the sale, and that, if the sale was not approved by the court, the note should be returned to the maker, and other evidence in the case shows that the sale was confirmed by the court only on condition that the note and the first installment in cash should be paid, and that this condition had not been complied with.

2. In such case the unconscionable character of the defense is further shown by an averment of the affidavit of defense to the effect that the guarantor knew, when he signed the note, that it was intended to be exhibited to the court as evidence that there had been "a payment on the contract of sale."

3. If the note was not to be paid, the guarantor made himself a party to a fraud upon the court, and the policy of the law, under the circumstances, is to leave him just where he placed himself, fettered by the bond which he put upon himself.

Argued October 6, 1920.    Appeal, No. 47, Oct. T., 1920, by plaintiff, from judgment of C. P. Beaver Co., Dec. T., 1917, No. 534, on verdict for defendants, in case of E. T. Kurtz, Receiver, etc., v. H. J. Lawrence et al. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Reversed.

Assumpsit on a promissory note.    Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants.    Plaintiff appealed.

*Error assigned,* inter alia, was (2) refusal of motion for judgment for plaintiff n. o. v., quoting record.

*C. H. Akens,* with him *Martin & Swaney, Robert K. Aiken* and *J. Norman Martin,* for appellant.—Because of his knowledge and intention, self-confessed, defendant cannot relieve himself of liability on the note by the defense set up in his affidavit: Lyons v. Benney, 230 Pa. 117, 120; State Bank v. Kirk, 216 Pa. 452, 456; Evans v. Dravo, 24 Pa. 62, 65.

*Frank E. Reader,* of *Hice, Morrison, Reader & May,* with him *John A. Elliott,* for appellee.—The rule applicable to this case is found in Com. to use v. Julius, 173 Pa. 322; Weaver v. Cone, 174 Pa. 104; Sulkin v. Gilbert, 218 Pa. 255.

OPINION BY MR. CHIEF JUSTICE BROWN, December 31, 1920:

On May 6, 1912, E. T. Kurtz, receiver of the Washington County Coal Company, entered into a written contract with Samuel Hollis to sell him, subject to the approval and confirmation of the Court of Common Pleas of Washington County, all the property of the company for the sum of $300,000, payable as follows: "Five thousand ($5,000) dollars by approved note at the date of the signing of this agreement, the approval and acceptance of which are hereby acknowledged by the said party of the first part, fifteen thousand ($15,000) dollars on June 20, 1912, and the remaining two hundred and eighty thousand ($280,000) dollars in six equal monthly installments, payable respectively on the twentieth days of July, August, September, October, November and December, 1912, with interest on each of said payments from the date of the confirmation of this

sale by the court." The note of Hollis for $5,000, delivered to the receiver at the time the contract was signed, and in pursuance of its terms, was in the following form: "$5,000.00.   Pittsburgh Pa., May 6th, 1912. On June 20th, 1912, after date, I promise to pay to the order of E. T. Kurtz, Receiver, Five Thousand dollars at Citizens National Bank, New Castle, Pa., value received. Samuel Hollis." Endorsed on the note was this guaranty: "For value received of E. T. Kurtz, Receiver, we hereby guarantee the payment of the within note. H. J. Lawrence, H. W. Reeves." On May 25, 1912, the Court of Common Pleas of Washington County, having jurisdiction of the coal company's receivership, upon the petition of Kurtz, its receiver, to which was attached a copy of his contract with Hollis, made the following decree: "It is now ordered, adjudged and decreed that the said sale, as set forth in said written contract, be and the same is hereby confirmed nisi the 20th day of June, 1912, at which time a decree of absolute confirmation will be made if at or before that time $20,000, being the $5,000 note and the $15,000 payment referred to in the contract, be paid to the receiver; but if said payments are not made on or before said 20th day of June, 1912, then said nisi confirmation shall be of no effect." Hollis defaulted on each of the two payments, and the confirmation nisi of the sale did not become absolute. Subsequently this action was brought by the Lawrence Savings & Trust Company, the assignee of the note, against the two guarantors; but Lawrence not having been served, it proceeded against Reeves alone. On the trial below Hollis admitted his insolvency, and the defense of the guarantor was that he had signed the note on the faith and strength of a promise or agreement made at the time by E. T. Kurtz, receiver, that the note was to be used only in connection with an attempted or proposed sale of the property of the Washington County Coal Company, to which sale the consent of the court of common pleas of the county was to be secured, and in the

event that the sale should not be finally consummated, the note was to be returned to the maker. Lawrence testified that Kurtz had so agreed and that he had so informed Reeves before the latter signed the guaranty. Kurtz denied that there had been any such agreement. The instruction of the learned trial judge to the jury was that, if they found, from the testimony, Reeves had signed the guaranty under the representation made to him by Lawrence that the receiver had promised and agreed if the sale should not be consummated, the guarantors would be relieved from their obligation, they should return a verdict in favor of the defendant. They did so find, and the verdict for the appellee followed, upon 'which judgment was duly entered. On this appeal the complaint of the appellant is of the refusal of the court below to direct a verdict in its favor and of the subsequent dismissal of the motion for judgment non obstante veredicto.

The defense interposed by the appellee is unavailing, and a verdict should have been directed for the plaintiff. Correct instructions by the learned trial judge to the jury were: "I take it to be the law, and I instruct you that the decree of May 25, 1912, approving this contract of sale nisi, was a sufficient approval and confirmation of the sale to make the maker of the contract and note, Hollis, liable for the payment of the $5,000 in question on the note. So that if this suit were between the receiver and Hollis, the court would instruct the jury that the receiver was entitled to recover, for the use of the Lawrence Savings & Trust Company, to which obligation has been assigned since it became due. Now, one of the conditions of this contract is as follows: 'It is also distinctly understood and agreed that in case of the failure of the party of the second part to fully carry out all the conditions of this contract to be kept and observed by him, and to pay the said purchase money and interest as hereinbefore stipulated, any and all moneys paid by him to the receiver under this con-

tract shall thereby be forfeited, and shall be and remain the property of the party of the first part, and the note hereinbefore mentioned shall be due to and collectible by the said party of the first part.' Now, it appears by the testimony of H. J. Lawrence that, when he signed the undertaking on the back of this promissory note, he knew that the petition which was to be submitted to the Court of Common Pleas of Washington County was based upon the contract of May 6, 1912, and that the contract contained these precise words which I have just read. And hence I take it to be the law that were H. J. Lawrence a party to the issue which you have been sworn to try, he would have no valid defense against the note in question." If Hollis was liable as maker of the note, and Lawrence, on his guaranty of it, what is to be found in the evidence relieving Reeves from liability? In his affidavit of defense he averred "that at the time he signed his name on the back of said note, he was informed and believed, and still believes, that said note was to be delivered and accepted by the said E. T. Kurtz, receiver, to be used by him to exhibit before the Court of Common Pleas of Washington County, Pa., in connection with a contract for the sale of certain coal lands, which he had made with Samuel Hollis, subject to the approval of the said court, in order that he might in his petition to the court for its approval of said sale, set forth that he had received a payment on the contract of sale." In his testimony the appellee stated that the note was to be used by the receiver to secure the court's approval of a contract. The Court of Common Pleas of Washington County did approve nisi, and would have approved absolutely, the contract of sale exactly as it was entered into by the parties to it, but Hollis, the appellee's principal, defaulted, and, according to the testimony of the appellee, the note for $5,000 was to be returned and not collected. The law will not permit him to say this, for if, as was his duty as a prudent man, he had looked at the contract in connection with which he

admits the note was given, he would have read that if Hollis failed to fully carry out all the conditions to be kept and observed by him, and to pay the purchase money, as stipulated in the contract, the note for $5,000 "should be due to and collectible by" the receiver. While this is conclusive of the appellee's liability, it may be well to advert to an admission which, to say the least, makes his defense unconscionable. He admits in his affidavit of defense that, when he signed the guaranty, he did so because the note was to be exhibited by Kurtz, the receiver, to the Court of Common Pleas of Washington County, as evidence that there had been "a payment on the contract of sale." If, as he now contends, the note was not to be collected, he made himself a party to imposition and fraud upon the court, and the policy of the law, under the circumstances, is to leave him just where he placed himself, fettered by the bond which he put upon himself: Lyons v. Benney, 230 Pa. 117; Mars National Bank v. Hughes, 256 Pa. 75.

The second assignment of error is sustained, the judgment below is reversed and is here entered for the plaintiff for the sum of $5,000, with interest from June 20, 1912.