ESSEX SASH AND DOOR COMPANY, PLAINTIFF-RESPOND-
ENT, v. ISAAC L. GORDON, DEFENDANT-APPELLANT.

Argued May 6, 1925—Decided May 19, 1925.

Negotiable Instruments—Alleged Conditional Delivery—Judg-
ment for Defendant by Jury Set Aside by Trial Court, and
Judgment for Full Amount and Interest Awarded Plaintiffs—
Fact That There was Evidence Regarding Conditional De-
livery Made it a Jury Question, and Venire De Novo Will be
Awarded.

On appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Leber & Ruback.*

For the respondent, *Samuel M. Hollander.*

PER CURIAM.

This suit was brought in the First District Court of New-
ark to recover $300, the amount of a promissory note. The
note is dated August 11th, 1923, payable in sixty days. The
suit is against the maker of the note, the defendant, Isaac L.
Gordon. The trial resulted in a verdict of the jury in favor
of the defendant. Upon an application to the trial court, the
judge set aside the verdict of the jury and directed a judg-
ment to be entered in favor of the plaintiff for the full amount
of the note, with interest, amounting to $328.50. This judg-
ment was entered by the court in favor of the plaintiff, not-
withstanding the verdict of the jury was in favor of the de-
fendant. The defendant appeals and urges this action of the
trial court as error. The principal defense set up by the de-
fendant was the conditional delivery of the note sued on.
This, as between the immediate parties to the note, under the
Negotiable Instruments act (3 *Comp. Stat. of N. J., p.* 3737,
§ 16), may be shown as a defense. There is such testimony

in the record—first, by the defendant (at *pp*. 34, 35): "*Q*. Have you stated how he will back you? *A*. He will give me back the notes or give me the amount." "*Q*. Did he say that? *A*. Yes, sir." "*Q*. Was it on that occasion when you delivered these notes? *A*. Yes." So, to the same effect, is the testimony of a witness Rebecca Gordon (at *pp*. 48, 49). True, this testimony was controverted at the trial on rebuttal, but that raised an issue of fact for the jury; hence, it was error for the trial court to enter a judgment for the plaintiff, notwithstanding the verdict of the jury in favor of the defendant.

The judgment is reversed and a *venire de novo* awarded.