## Estate of Elke Dayen, Deceased.

Argued October 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Robert Levin,* for appellant.

*S. L. Moore,* of *Moore, Gossling & Panfil,* for appellee.

OPINION BY TREXLER, J., December 12, 1929:

Elke Dayen died December 24, 1927, intestate, leaving to survive her a husband and father and no children. At the time of her death, she had in a savings bank account over nine thousand dollars and a mortgage of one thousand dollars.

At the audit of the administrator's account, the surviving husband, the appellant, claimed the bank balance and the mortgage, contending that the decedent was a mere custodian of them for him. The lower court rejected the claims, awarding the husband five thousand dollars, to which he was entitled under the intestate laws, and divided the remainder equally between him and decedent's father.

In support of his claim, the appellant presented in substance the following proof. On December 16, 1924, a balance of $5,451.75 which he had in the Philadelphia Savings Fund, was transferred by him to his wife's account, also a deposit of $4,121 on April 19, 1927, the proceeds of a four thousand dollar mortgage which he had assigned to her on December 18, 1924, the assignment being under seal and reciting the payment of a consideration of $4,000, also a deposit in said account on June 21, 1921, of $1,000, proceeds of a check payable to him, and in December, 1924, he further claimed that his wife purchased a $1,000 mortgage by withdrawing said sum from the account and purchasing a mortgage which was put in her name.

So far, the proof shows a good title in the wife. The presumption arises that the funds and investment belonged to her: Crossetti's Estate, 211 Pa. 490; Northern Trust Co. v. Huber, 274 Pa. 329, 332. To overcome this prima facie, appellant produced witnesses who testified that the husband was a baker and belonged to a labor union whose members were then engaged in a strike, that the decedent and her husband went to a broker and told him about the strike and that they "were afraid of some trouble with the union" and that "friends were bothering him to make loans." The broker advised placing the money in the wife's name if he wished to be 100 per cent safe; the wife to hold it until "this trouble will be over." Other witnesses swore that the wife stated that the

husband had transferred the money for her to hold in her possession until everything quieted down. The mortgage, at the advice of the broker, was transferred to the wife. A few weeks after the transfers, a bill in equity was filed by the employers against the labor union, the husband not being named as a party. The litigation was still pending when the wife died. The husband had no judgments or claims against him at the time the transactions took place. When the money was checked out by the wife for the purchase of the $1,000 mortgage, the transfer was put in the wife's name for "the trouble with the union" was not over. The wife told friends that the bank account was her husband's. The broker who advised them gave as the tenor of the conversation at the time that "in case anybody had a claim against him he would say well he had everything in his wife's name, sure he would." Other witnesses testified to declarations of the husband to the same effect.

A witness called in opposition to the claim testified that the husband had told her that he "gave" the money "in her name, because she was sick," and another witness, the decedent's sister, stated that he said his wife was getting richer and richer and that if she had as much money as his wife, she would not talk to anybody.

The first question before us is, did the husband overcome the presumption that the transfer was an absolute gift to his wife? A transfer from husband to wife is valid except as to existing or contemplated creditors: Buckwalter Stove Co. v. Edmonds, 283 Pa. 236, 239, and cases there cited. If he wishes to establish a trust, he takes the burden of proving it and all the essential requisites must be shown by clear, explicit and unequivocal proof: Earnest's Appeal, 106 Pa. 310; Kern v. Smith, 290 Pa. 566; Lukens v. Wharton Ave. Baptist Church, 296 Pa. 1. The court

below held that the proof submitted on behalf of the claimant did not measure up to the standard set by the above cases, and we concur in the conclusion reached. We must not lose sight of the fact that the purpose of the transfer as shown by the claimant was to put the funds out of the reach of claimants that might arise by reason of his connection with the labor union. To do this there must have been an absolute transfer, for as stated in Gassner v. Gassner, 280 Pa. 313, 318, the only way the purpose "could be accomplished would be through the medium of an outright gift to his wife."

This is certain, that he sought to put himself in a position that if suit were brought and he become involved in it, he would be prepared, in order to escape liability, to testify that all his property belonged to his wife. The parties to this transfer could not at the same time create a situation that would attach validity to their transaction under certain conditions and under others, annul it. There is an inherent inconsistency in the claimant's position which renders his proof far from being "clear, explicit and unequivocal."

The second question is, the intent of the parties at the time of the transfer being fraudulent, is the husband in the position to allege his own fraud in an attempt to set aside the transfer and can he invoke the aid of the court to the support of his claim under such circumstances? As stated by the auditing judge, "This transaction was admittedly entered into to protect the property transferred from the claims of creditors of the assignor. It was fraudulent in its inception and a chancellor should not decree a reconveyance on the pleas that as creditors have not entered judgment against him the scheme should not be called fraudulent." The court will leave such party in the position he took in order to accomplish the fraud: Hershey v. Weiting, 50 Pa. 240, 244; Reynolds v. Boland, 202

Pa. 642; Italian Co-operative Banking Association v. La Spada, 58 Pa. Superior Ct. 576; Paul v. Paul, 266 Pa. 241.

The cases cited by the appellant are not in point. In Clarkson and Love v. Thom, 2 Pennypacker 491, the judgment was given without consideration to Clarkson and was sought to be enforced for the benefit of his estate, although there was nothing due to him. The court states the judgment could not be enforced, but that had there been a trust for the wife of the maker of the note and it had been marked to her use, the situation might be different: McCarthy v. Scanlon, 176 Pa. 262, was ruled on the insufficiency of the testimony as to the nature of the claim of the party which alleged that he was hindered and defrauded and that it did not appear that he was or ever became a creditor: Moore v. Moore, 165 Pa. 465, the transfer to the wife was not sustained because the property had come back to the husband and the presumption of title arising from possession had shifted.

The assignments are overruled and the decree of the orphans' court is affirmed; the appellant to pay the costs.