ZACHARY M. DELMAN, PLAINTIFF-APPELLEE, v. LOUIS COHEN AND JOSEPH M. COHEN, DEFENDANTS-APPELLANTS.

Argued January 22, 1936—Decided August 16, 1936.

Before Justices HEHER and PERSKIE.

For the appellants, *Samuel Leventhal* (*Richard J. Hughes*, of counsel).

For the appellee, *Maxwell A. Kraemer*.

The opinion of the court was delivered by

PERSKIE, J.   The gravamen of this appeal is the propriety of the trial court's action in excluding certain parol evidence hereinafter set forth.   The fundamental question confronting the court below was whether this evidence tended to show a conditional delivery by the makers to the payees of the notes in suit, or a delivery upon an alleged oral agreement that upon the happening of a subsequent event there would be no liability and the instruments would cease to exist.   If the proffered evidence tended to show a conditional delivery it should have been received.   *Essex Sash and Door Co.* v. *Gordon*, 3 *N. J. Mis. R.* 550; 129 *Atl. Rep.* 126; *Pamph. L.* 1902, p. 583 (Negotiable Instruments act, section 16); 3 *Comp. Stat. p.* 3737.   If, on the other hand, the same evidence was to show that the notes, valid on their face, would cease to exist upon the occurrence or non-occurrence of a future event, the evidence was inadmissible by reason of the parol evidence rule.   *Middleton* v. *Griffith*, 57 *N. J. L.* 442,

448; 31 *Atl. Rep.* 405. To determine the correctness of the ruling it becomes necessary to recur to the facts.

Defendants were owners of stock in a laundry corporation. After extended negotiations they sold this stock to purchasers from New York for $8,500. $1,000 was paid in cash and the balance in notes which were secured by a chattel mortgage given to the vendors of the stock. I. Manes and L. Barbash were the brokers who procured the purchasers. Their commission for the sale amounted to $400. $125 of this was paid in cash at the time the sale was consummated. Defendants executed five notes to cover the balance of $275 due on the commissions. Two of the notes were for $50 each and they were paid. The remaining three notes for $54, $56 and $65, respectively, which are the subject of this suit, were duly negotiated by the brokers for value and before maturity to the plaintiff. For defendants it was testified that they had discussed the matter of commissions in the presence of the plaintiff and at that time had said, "if these men [the vendees of the stock] continue to operate the laundry and pay the balance of the purchase price therefor, we would pay the notes." The plaintiff denied having heard this testimony and objected to its admission. The court, however, admitted it. Defendants further testified that the purchasers of the stock operated the laundry for a time; failed to make payment of the chattel mortgage; whereupon the mortgage was foreclosed, and by reason thereof the notes in suit were not paid. At this point, upon motion for the plaintiff, this testimony was stricken out as was the defendants' testimony previously admitted. Defendant objected. The trial judge directed a verdict in favor of the plaintiff and against the defendants on the notes, in the sum of $175. It is the judgment based on that verdict that is here challenged.

Was the action of the court below, in directing a verdict for the plaintiff, proper? We think it was.

That a note may be shown to have been conditionally delivered is settled by the Negotiable Instruments act, *supra*. Section 16 (3 *Comp. Stat., p.* 3737) of this act provides, *inter alia,* "* * * As between immediate parties, and as regards a remote party other than a holder in due course, the

delivery in order to be effectual, must be made either by or under the authority of the person making, drawing, accepting or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument * * *."

The problem thus arises as to whether or not this oral evidence if admitted would tend to show a conditional delivery. Delivery basically is depended upon the intention of the parties. It does not necessarily follow that because the payee had possession of the note that there had been an absolute delivery to him. Intention so to deliver is the essential element. 8 *C. J.* 204. "A delivery may be conditional without the use of express words to that effect at the time, and that conclusion may be drawn from all the circumstances which properly form a part of the entire transaction, whether in point of time they precede or accompany the delivery." 8 *Id.* 206.

But after a careful analysis of the rejected testimony, and all proper deducible inferences therefrom, we fail to perceive its probative value on the question in issue. The commissions for which the notes were given in part payment had been earned. Two of these notes, as already observed, were paid by the defendants. It appears to us that the most favorable interpretation that can be given to that testimony is that the makers of the notes would pay them if they were in turn paid the balance of the purchase price by the buyer, a thiry party. Obviously, that testimony does not relate to either the conditional or unconditional delivery of the notes. Nor was it "for a special purpose only, and not for the purpose of transferring the property in the instrument * * *." Section 16, Negotiable Instruments act, *supra*. It was, however, directly related to the occurrence or non-occurrence of a future event—the payment of the balance of the purchase price by the buyer of the stock. It was, therefore, clearly within the ban announced in *Middleton* v. *Griffith, supra*. It was properly excluded.

We have considered all other points argued and find them to be without merit.

Judgment is affirmed, with costs.