145 N.J. Super. 19 (1976)
366 A.2d 994
MORRIS CHERA, PLAINTIFF-RESPONDENT,
v.
THE SHORES, A PARTNERSHIP, MICHAEL SANDOMENO AND MORITZ NAPPE, DEFENDANTS. (MICHAEL SANDOMENO, DEFENDANT-APPELLANT; MORITZ NAPPE, DEFENDANT-RESPONDENT).
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1976.
Decided October 27, 1976.
*20 Before Judges LYNCH, MILMED and ANTELL.
Mr. Joseph Meehan argued the cause for the defendant-appellant Michael Sandomeno.
Mr. Thomas W. Cavanagh, Jr., argued the cause for the plaintiff-respondent (Messrs. Chamlin, Schottland & Rosen, attorneys; Mr. Cavanagh and Mr. Michael D. Schottland on the brief).
PER CURIAM.
Defendant Michael Sandomeno appeals from an order of the Monmouth County Court granting plaintiff partial summary judgment requiring him (Sandomeno) to pay to plaintiff $75,000 with interest at 6% from November 9, 1973, plus costs. Plaintiff had sued to recover that amount, alleging it to be due on a promissory note of September 20, 1973 made to his order by Sandomeno and codefendant Moritz Nappe.[1] Summary judgment on the note as to Nappe was denied since he had raised the defense of forgery and, as the trial judge stated, "it did raise a material issue of fact."
We reverse the order appealed from. It is clear from the record before us that there does exist between plaintiff and Sandomeno a genuine issue as to a material fact challenged which must await determination at a plenary trial. In Paragraph 12 of one of his certified statements in opposition to the motion for partial summary judgment, Sandomeno states:
The note upon which Morris Chera is suing herein was originally signed for the purpose of guaranteeing to Morris Chera that I would actively work with him in said Chenapsa partnership, which I have done. In return for my participation, said note was to have been cancelled, and additional funds advanced by Morris Chera, which additional funds were never advanced. Due to the fact that I have fully *21 performed in accordance with my agreement with Morris Chera, the note herein is no longer valid or outstanding, but has been cancelled.
In Paragraph 15 of the same certified statement Sandomeno states:
The note involved herein was merely a receipt for the funds advanced through that date by Morris Chera, and was not, as it might appear to be, a separate and distinct transaction involving a loan to myself. The $75,000.00 was to be, and was, credited to Morris Chera's obligations to the "Chenapsa" partnership. Morris Chera, by his own default, and through his actions with Moritz Nappe, prohibited the successful culmination of said partnership, and is thus in breach of the underlying obligations, which form the basis of said alleged note.
In granting summary judgment on the note against Sandomeno the trial judge found that the instrument was a demand note with no qualifications on its face. He accordingly reasoned that the parol evidence rule applied to bar any showing that the note was subject to conditions. We disagree. Plaintiff, who was not a holder in due course, took the instrument subject to the defense that delivery was conditional or for a special purpose only. N.J.S.A. 12A:3-306 (c). Proof of any such delivery pursuant to the alleged collateral agreement between plaintiff and Sandomeno would clearly not be precluded by the parol evidence rule. See, Annotations "Admissibility of parol evidence to show that a bill or note was conditional, or given for a special purpose," 20 A.L.R. 421, 436-437 (1922), 54 A.L.R. 702, 705 (1928) and 105 A.L.R. 1346 (1936); 12 Am.Jur.2d, Bills and Notes, § 1256 at 290 (1964); Silva v. Gordo, 65 Cal. App. 486, 224 P. 757 (D. Ct. App. 1924); Delman v. Cohen, 14 N.J. Misc. 684, 186 A. 683 (Sup. Ct. 1936); Reconstruction Finance Corp. v. Gohl, 19 N.J. Misc. 545, 546, 21 A.2d 693 (Sup. Ct. 1941); Franklin Discount Co. v. Ford, 27 N.J. 473, 495 (1958); 10 Williston on Contracts (3d ed. 1967), § 1138 at 389; 4 Williston on Contracts (3d ed 1961), § 644 at 1114-1115.
The order under review is reversed.
NOTES
[1] Sandomeno filed a counterclaim against plaintiff and a cross-claim against defendant Nappe.